## MERCHANTS' BANK *versus* DANIEL LORD *& al.*

If a bond, for the release of a debtor from arrest on execution, is not taken for the exact amount required by the statute, in the absence of evidence that this happened through "mistake, accident, or misapprehension," it is invalid as a statute bond.

A forfeiture of such a bond will be saved, if the principal has taken the poor debtor's oath, according to the terms of the condition of the bond, notwithstanding the proceedings before the justices do not conform to the requirements of the statute.

REPORTED from *Nisi Prius* by APPLETON, J.

DEBT on a bond given to release Lord, the principal, from his arrest on execution.

*Blake & Garnsey*, for the plaintiffs.

*J. A. Peters*, for the defendants.

The opinion adopted by a majority of the Court was drawn up by

CUTTING, J.—In the language of C. J. TENNEY, in *Flowers* v. *Flowers*, 45 Maine, 459, "the bond declared upon in this action, was not for just double the sum for which the debtor, the principal obligor, was arrested on execution, and, therefore, not conformable to the R. S. of 1841, c. 148, § 20, (since reënacted). The case discloses nothing which shows that this departure was by reason of any mistake, accident or misapprehension, and, consequently, is not brought within the provision of § 43 of the same chapter. The bond, therefore, cannot be treated as a statute bond."

*Again*, of the same Judge in *Clark* v. *Metcalf*, 38 Maine, 127, "the bond having no validity as a statute bond, created no obligation in the debtor to comply with statutory provisions, further than the terms used in the condition provided." "It was the election of the debtor, which of the three alternatives, mentioned in the three conditions of the bond, he would perform; and, if he performed the one attempted, no breach has occurred. And the case finds that

the condition was performed of the alternative first named."
The case at bar is similar in every respect to the cases cit-
ed. That is, the debtor did, in six months from the date
of the bond, cite the creditors before two justices of the
peace and of the *quorum*, and did submit himself to exam-
ination, and take the oath prescribed in § 28 of c. 113,
which was the common law compliance.

*Plaintiff nonsuit.*

TENNEY, C. J., RICE, GOODENOW and KENT, JJ., con-
curred.